(No. 89-CV-0179–)

*In re* APPLICATION OF YOLANDA D. RICHARDSON

*Order filed May 14, 1992.*
*Order filed April 28, 1995.*

YOLANDA D. RICHARDSON, *pro se*, for Claimant.

JIM RYAN, Attorney General (PAUL CHO, Assistant Attorney General, of counsel), for Respondent.

## ORDER

PATCHETT, J.

This crime victim's compensation claim arises out of an incident that occurred on August 25, 1987. The Claimant, Yolanda D. Richardson, was then a victim of criminal sexual assault, and now seeks compensation pursuant to the provisions of the Crime Victims Compensation Act.

This Court issued an earlier order denying her claim. That order was based on the fact that the Claimant did not report this incident to the appropriate law enforcement officials until October 5, 1987. The Claimant requested an opportunity to present evidence on this issue.

A hearing was then conducted at which the Claimant appeared and testified. Ms. Richardson testified that she made a telephone call on August 26, 1987, to the De Kalb city police department. She testified that she reported the crime at that time, but did not give her name. She was not in the proper state of mind to discuss the crime with police at that time, and knew several people on the police department. In addition, Ms. Richardson testified that the offender was an acquaintance and co-worker. She also produced an affidavit at the hearing stating that she reported the crime within 72 hours.

In addition, the Claimant presented a signed affidavit by Michael P. Coghlan, State's attorney of De Kalb County, which stated that an anonymous report of sexual assault had been made to the De Kalb police department on or about the time of the incident in question. She also provided a letter by the State's attorney of De Kalb County stating that the crime was reported on August 26, 1987. Claimant stated that she also reported the incident to the De Kalb County sheriff's office on August 30, 1987.

The Claimant then called Ms. Danise Habun, who has a degree in psychology from the University of Wisconsin, Plattville. She is employed by the Community Crisis Center as a legal advocate for sexual assault and domestic violence victims and also does counseling with sexual assault victims.

Ms. Habun testified that she met Ms. Richardson at the emergency room of Sherman Hospital in Elgin on the 27th or 28th of August 1987. Ms. Habun testified that Ms. Richardson was extremely distraught and in pain. Ms. Habun testified that she spent approximately four hours with the Claimant at the hospital, and did some counseling over the telephone the next day. She testified that Ms. Richardson told her at the time that she was feeling very

confused about what to do since the offender was a friend and co-worker. Ms. Habun suggested three different ways of reporting the crime, one of which was to make an anonymous police report. Ms. Habun also testified as to the degree of stress and trauma associated with this type of crime.

Section 6.1(b) of the Crime Victims Compensation Act (740 ILCS 45/6.1(b)) requires a person otherwise entitled to compensation under the Act to notify appropriate law enforcement officials of the perpetration of the crime within 72 hours, or show that notice subsequent to 72 hours was timely under the circumstances. There is in the record an August 30, 1990, letter from the De Kalb County State's attorney indicating that the offender was convicted in the criminal case which arose out of this incident. Therefore, Claimant is a victim of a crime covered by this Act, and is entitled to compensation if the notice provision has been complied with.

We do not hold that anonymous reports within 72 hours are necessarily sufficient to comply with section 6.1(b), but we do hold that Ms. Richardson has presented evidence to show that her notice was timely under the circumstances surrounding this crime.

Therefore, the previous order of this Court denying her claim is hereby reversed, and this matter is remanded to a Commissioner for further proceedings consistent with this opinion.

## ORDER

PATCHETT, J.

The parties to this proceeding have entered into a stipulation whereby the Attorney General's office has recommended that a payment of $875.49 be paid to the

Claimant, Yolanda Richardson, for paid medical expenses and for loss of earnings.

Wherefore, it is hereby ordered that a payment of $875.49 be paid to the Claimant, Yolanda Richardson, for paid medical expenses and for loss of earnings.

It is further ordered that this case be closed but Claimant may request to reopen her claim if additional expenses are incurred.